**UNITED STATES of America, Appellant,**

**v.**

**COMMONWEALTH of Kentucky et al., Appellees.**

Court of Appeals of Kentucky.

March 23, 1956.

Edwin R. Denney, U. S. Dist. Atty., Joseph C. Lewis, Asst. U. S. Dist. Atty., Lexington, for appellant.

J. D. Buckman, Jr., Atty. Gen., Joseph L. Schoepf, Newport, William S. Riley, Frankfort, William E. Scent, Frankfort, for appellees.

SIMS, Judge.

The two major questions for determination on this appeal are: 1. Did the income tax lien of the Commonwealth for $3,862.80 for the year 1951 attach or become perfected on certain funds of the delinquent taxpayer, Ed W. Curd, before the federal income tax lien for 1952 attached or became perfect on these same funds; 2. did the income tax lien of the federal government for 1952 ever attach or become perfected on these funds of Curd so as to give the United States priority over the Commonwealth's lien for $15,069.80 for income tax Curd owed the Commonwealth for the years 1941 to 1950 upon which Curd had made partial payments?

The trial judge decided both questions in favor of the Commonwealth and this appeal followed. The facts are not in dispute and the questions for decision are purely legal ones.

Curd was a resident of Lexington, Kentucky, and seems to have been successful in earning large sums of money by devious methods. The state income tax reports filed by Curd for each of the years in question did not show his full income and on examination of same the State made additional assessments against him, including penalty and interest, upon which Curd made payments from time to time. He owed the State $3,862.80 on his 1951 income tax as well as a balance of $15,069.80 on various assessments made against him by the State for the years between 1941 and 1950. He owed a federal income tax of $26,591.47 for the taxable year 1952, and the United States made a jeopardy assessment against Curd in this sum on January 15, 1953. 53 U.S. Stat. at L. § 273, p. 84, 26 U.S.C.A. (I.R.C. 1939) § 273.

In 1952 Curd's prosperity dwindled and he became involved in litigation, and in 1953 both the Commonwealth and the United States became active in attempts to enforce their respective tax liens. In March 1953, the Master Commissioner of the Fayette Circuit Court had something like $17,000 in his hands going to Curd in the suit of Curd v. Longridge Plantation, et al. On March 30, 1953, the Commonwealth attached this money in the hands of the master commissioner to satisfy its lien and the United States on April 4, 1953, intervened in the case, asserting that its lien was superior to that of the State. Curd seems to have fled the realm to escape prosecution for income tax fraud and is now said to be without the confines of the United States.

The State is given a lien to secure the payment of income tax by KRS 134.-420(2) which provides: "This lien shall accrue at the time the liability becomes fixed." The date the Commonwealth's lien accrued on Curd's 1951 income tax under this statute was on May 19, 1952, the day Curd filed his income tax return with the State showing he owed it $3,862.-80. In its brief the United States practically admits the Commonwealth's lien for the 1951 tax is prior to the federal lien which was precipitated by an attempted jeopardy assessment made January 15, 1953, for the 1952 tax. But it is argued by the United States that the Commonwealth's lien did not

become perfected until notice thereof was recorded, citing Louisville Title Mortgage Co. v. Commonwealth, 299 Ky. 224, 184 S.W.2d 963. That case is not controlling here. We there held a recorded vendor's lien was superior to an unliquidated unemployment compensation tax which had not accrued at the time the mortgage lien was put to record. In the instant case the Commonwealth's lien for the 1951 tax became perfected under KRS 134.420(2) on May 19, 1952, the day Curd filed his return showing he owed the State this sum.

In the brief for the United States it is admitted that the jeopardy assessment made against Curd by the federal government under 53 U.S.Stat. at L. § 273, p. 84 was based on Curd's insolvency under § 274 of this same statute. There is nothing in the record before us to show that Curd was insolvent or that the United States ever made demand upon him for the payment of his 1952 tax as is required by 53 U.S.Stat. at L. § 3655, p. 446 as a condition precedent to the tax becoming a lien. Nor is there anything in the record to show that Curd waived the demand. In re Baltimore Pearl Hominy Co., 4 Cir., 5 F.2d 553. Therefore, we agree with the trial judge that the federal lien never attached to the funds held by the Master Commissioner of the Fayette Circuit Court.

Should we be wrong in this conclusion, there is another reason why the State must prevail. Under § 3671 of the Internal Revenue Code, 53 U.S.Stat. at L. p. 449, the Federal tax lien arises "at the time the assessment list was received" by the Director of Internal Revenue from the Commissioner of Internal Revenue. In the case at bar the Director received the assessment from the Commissioner on January 15, 1953, and the next day he filed notice of the federal tax lien in the office of the Fayette County Court Clerk. The State's lien under KRS 134.420(2) accrues "at the time the liability becomes fixed", which is when the taxpayer files his return with the State showing the amount of tax he owes it. The State did not file notice of its lien in the office of the Clerk of the

Fayette County Court until February 13, 1953, and it is argued in the brief for the United States the Federal lien takes superiority over the State's lien because notice of the Federal lien was filed on January 16, 1953.

The time of the filing of the respective notices does not control the time when these liens attach under the statutes, but the notices are merely for the benefit of mortgagees, pledgees, purchasers or judgment creditors. Section 3672 Internal Revenue Code, 53 U.S.Stat. at L. p. 449, so states as to the Federal lien, and Louisville Title Mortgage Co. v. Commonwealth, 299 Ky. 224, 184 S.W.2d 963, so holds as to the State's lien. As between the United States and the Commonwealth the lien which first arises is superior, or as has been written, "first in time, first in right." United States v. City of Greenville, 4 Cir., 118 F.2d 963, 966; United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520. As the lien of the Commonwealth for $15,069.80 arose prior to the federal lien for $26,591.47, it is superior to the federal lien regardless of the fact that notice of the federal lien was first filed in the office of the Clerk of the Fayette County Court.

There is still another reason why the United States cannot recover the $15,069.80 from the Commonwealth. It did not supersede the judgment of the Fayette Circuit Court and the money was paid into the State Treasury. Section 230 of the Kentucky Constitution provides: "No money shall be drawn from the State Treasury, except in pursuance of appropriations made by law." Therefore, the court has no jurisdiction to direct that this money be turned over to the United States. Should the United States be entitled to this money, and we hold it is not, the only way the Federal Government could obtain same would be for the General Assembly to appropriate this sum to it. See Unemployment Compensation Commission v. Savage, 283 Ky. 301, 140 S.W.2d 1073; Kentucky Color & Chemical Co. v. Barnes, 290 Ky. 681, 162 S.W.2d 531.

The judgment is affirmed.